UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA S. HERRERA,<br><br>          Plaintiff,<br><br>    v.<br><br>J. ORTEGA, et al.,<br><br>          Defendants. | Case No. 20-02035 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at SVSP as well as an appeals examiner at the Office of Appeals. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on June 11, 2019, he was the subject of a retaliatory search of his cell by Defendants J. Ortega, R. Castillo, B. Duran, and R. Cardona, when he refused to withdraw an inmate grievance challenging the placement of a confidential memo in his file.  Dkt. No. 1 at 3-4.  Defendant R. Castillo authored the memo, and Defendant R. Mojica reviewed and signed his approval.  *Id.* at 4, 6, 8.  Plaintiff challenges the confidential memo as a "slanderous defamatory accusation without merit and with zero evidence."  *Id.* at 6.  Plaintiff claims the inclusion of the confidential memo in his file without an opportunity to be heard violated due process, and the refusal by Defendants to remove it constitutes cruel and unusual punishment under the Eighth Amendment.  *Id.*  Plaintiff claims Defendants M. Valdez and G. Bickham violated his First Amendment right to file 602 appeals by refusing to remove the confidential file and covering up "his cohorts deliberate falsifications."  *Id.* at 7

**1.    First Amendment - Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff allegations against Defendants J. Ortega, R.

2

Castillo, B. Duran, and R. Cardona are insufficient to state a retaliation claim because he fails to satisfy the fourth and fifth elements above, i.e., that their actions chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. *Id.* This claim shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to satisfy all the elements for a retaliation claim.

### 2. Eighth Amendment Claim

Plaintiff's allegation that the inclusion of the "slanderous defamatory" confidential memo violates the Eighth Amendment fails to state a claim. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Plaintiff's allegation that the inclusion of allegedly false information in his file will have an adverse effect "with the parole board and court, etc.," is conclusory and speculative. Furthermore, there is no allegation that the confidential memo has subjected Plaintiff to inhumane prison conditions that amount to "cruel and unusual punishment." Lastly, there is simply no caselaw supporting Plaintiff's assertion that the "reckless disregard for the truth" constitutes an Eighth Amendment violation. Accordingly, the Eighth Amendment claim is DISMISSED for failure to state a claim.

### 3. Due Process - Administrative Appeals

Plaintiff's claim that his rights were violated by the appeals process also fails to state a claim. He claims Defendant M. Valdez's refusal to grant his appeal at the second level of appeal and Defendant G. Bickham's denial at the third level of appeal constitute retaliation. However, such a claim suggests that every time an appeals examiner denies an appeal it is retaliatory. Furthermore, Plaintiff fails to allege sufficient facts to state all the elements for a retaliation claim, i.e., that these Defendants' actions chilled Plaintiff's exercise of his First Amendment rights and did not reasonably advance a legitimate

3

correctional goal. *See Rhodes*, 408 F.3d at 567-68. He may attempt to state a retaliation claim against them in an amended complaint by alleging sufficient facts in support. However, Plaintiff is advised that he must have separately exhausted his retaliation claim against Defendants Valdez and Bickham before filing this suit. If he failed to do so, the claims against them will be subject to dismissal for failure to exhaust. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

To the extent that Plaintiff is asserting a violation of substantive due process based on the denials, he fails to state a claim. California Code of Regulations, title 15 §§ 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d). Although there certainly is a right to petition the government for redress of grievances, *see Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (a First Amendment right), there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). Based on his allegations, Plaintiff was clearly not denied his right to have a prison appeal. His disagreement with the disposition of those appeals give rise to a constitutional violation. Accordingly, this due process claim must be dismissed for failure to state a claim.

///

///

4

**4.      Slander and Defamation**

Lastly, Plaintiff's claims for slander and defamation are not cognizable under § 1983. Defamation alone does not state a constitutional claim, even when done under color of state law. *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction over claim of slander by police officer because no violation of federal right). Accordingly, Plaintiff fails to state a cognizable claim based on Defendant R. Castillo's authoring of the allegedly "slanderous [and] defamatory" confidential memo and Defendant Mojica's approval of that memo.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      Plaintiff's Eighth Amendment, due process, slander and defamation claims are **DISMISSED** for failure to state cognizable claims.

2.      The First Amendment retaliation claim is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to attempt to state sufficient facts to state a First Amendment retaliation claim against any named Defendant. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-02035 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3.      **Failure to respond in accordance with this order by filing an amended**

**complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

IT IS SO ORDERED.

Dated: _September 3, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\02035Herrera_dwlta