UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA S. HERRERA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. ORTEGA, et al.,<br><br>        Defendants. | Case No. 20-02035 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at SVSP as well as an appeals examiner at the Office of Appeals.[1] Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to attempt to allege sufficient facts to state a cognizable First Amendment retaliation claim, and all other claims were dismissed for failure to state a cognizable claim. Dkt. No. 10. Plaintiff filed an amended complaint. Dkt. No. 13.

///

///

---

[1] The matter was reassigned to this Court on April 16, 2020, after Plaintiff did not file consent to magistrate judge jurisdiction in the time provided. Dkt. No. 8.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Under five "causes of action," Plaintiff challenges a retaliatory search of his cell in connection with his filing an inmate grievance regarding the placement of a confidential memo in his file. Dkt. No. 13. Plaintiff claims that he was denied due process when the "false" confidential memo was placed in his file without procedural protections, and that Defendants subsequently violated his First Amendment rights when they retaliated against him for refusing to withdraw the grievance and in denying his appeals on the matter. *Id.*

### 1. Claim 1 - First Cause of Action

Under his first cause of action, Plaintiff claims that on June 11, 2019, Defendants J. Ortega, R Castillo, B. Duran, and R. Cardona attempted to intimidate him into withdrawing inmate appeal No. SVSP-19-02852, in which Plaintiff challenged the placement of a "false" confidential memo in his file. Dkt. No. 3-4. When he refused, Defendants proceeded to search his cell in retaliation. *Id.* at 4. Plaintiff claims that there was no legitimate penological reason for the search as it was purely retaliatory, and that he

was intimidated enough not pursue his other 602 appeals challenging the false memo. *Id.* at 5.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations that Defendants searched his cell because he refused to withdraw his inmate appeal and that their actions chilled the exercise of his First Amendment rights without reasonably advancing a legitimate correctional goal are sufficient to state a cognizable retaliation claim. *Id.*

Plaintiff also claims that Defendants' actions denied him his "substantive and procedural rights to file a 602 appeal." Dkt. No. 13 at 3. However, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). Furthermore, California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Accordingly, this claim must be dismissed for failure to state a claim.

///

### 2. Claim 2 - Second Cause of Action

Under his second cause of action, Plaintiff claims Defendants' retaliatory search of his cell on June 11, 2019, violated the Fourth Amendment prohibition against unreasonable searches. Dkt. No. 13 at 6. However, Plaintiff cannot state a claim under the Fourth Amendment based on this cell search. There is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. *See id.* at 526. Accordingly, this Fourth Amendment claim must be dismissed for failure to state a claim.

### 3. Claims 3 and 4 - Third and Fourth Causes of Action

Plaintiff's third cause of action is against Defendant M. Valdez, who denied Plaintiff's inmate appeal, No. SVSP-19-02852, at the second level of review. Dkt. No. 13 at 7. Plaintiff's fourth cause of action is against Defendant G. Bickham, for denying the appeal at the third level of review. *Id.* at 8. Plaintiff claims Defendants Valdez and Bickham violated his right to file a 602 appeal and right to be free from retaliation under the First Amendment. *Id.* at 7, 8.

In its initial review of Plaintiff's original complaint, the Court advised him that he cannot state a due process claim based on the denials of his inmate appeals. Dkt. No. 10 at 4. As discussed above, *see supra* at 3, California regulations set forth no substantive standards and merely provide procedural requirements, and therefore cannot form the basis of a constitutionally cognizable liberty interest. *See Smith*, 992 F.2d at 989. Although there certainly is a right to petition the government for redress of grievances, *see Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (a First Amendment right), there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the

4

prison's refusal to entertain his grievance."). Based on his allegations, Plaintiff was clearly not denied his right to have a prison appeal. His disagreement with the disposition of those appeals does not give rise to a constitutional violation. Accordingly, Plaintiff's claim that Defendants Valdez and Bickham violated his right to file 602 appeals must be dismissed for failure to state a claim.

Plaintiff also claims Defendant M. Valdez's refusal to grant his appeal at the second level of appeal and Defendant G. Bickham's denial at the third level of appeal constitute retaliation. Dkt. No. 13 at 7, 8. Plaintiff raised this claim in the original complaint but failed to allege sufficient facts to support such a claim. Dkt. No. 10 at 3. In the amended complaint, Plaintiff alleges that Defendant Valdez and Bickham denied his appeals despite knowing that there was no evidence to support the placement of the confidential memo in his file. Dkt. No. 13 at 7, 8. In other words, their actions did not further a legitimate penological goal. Plaintiff also claims that their actions intimidated him from pursuing further appeals. *Id.* Liberally construed, Plaintiff states a retaliation claim against Defendants Valdez and Bickham.

### 4. Claim 5 - Fifth Cause of Action

Lastly, Plaintiff claims that the inclusion of the false confidential memo in his file and Defendants' refusal to remove it violated his right to due process under the Fourteenth Amendment. Dkt. No. 13 at 9. Plaintiff claims that the memo, which was written by Defendant Castillo and approved by Defendant Mojica, was placed in his file in December 2018, but that he did not become aware of it until May 2019. *Id.* After Plaintiff learned of it, he filed an inmate grievance seeking to have the memo removed, which lead to the retaliatory actions alleged in the preceding claims. Plaintiff claims that he was denied minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. *Id.* at 10. However, Plaintiff makes no allegations with respect to how the inclusion of the false confidential memo negatively impacted the conditions of his confinement, i.e., resulted in the deprivation of a liberty interest of "real substance," and

thereby required the prison provide the minimal procedural protections. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

This claim shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to state a due process claim.  Plaintiff is advised that if he did not suffer any deprivation by the placement of confidential memo in his file, then he cannot state a procedural due process claim.  If Plaintiff did suffer a deprivation, he must show that the deprivation was one of "real substance."  *See, e.g.*, *Jones v. Moran*, 900 F. Supp. 1267, 1273-74 (N.D. Cal. 1995) (Wilken, J.) (adopting Justice Breyer's two-prong analysis of *Sandin* majority opinion).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's claims under the Fourth Amendment (claim 2) and the denial of his right to process 602 appeals (part of claims 1, 3 and 4) are **DISMISSED** for failure to state cognizable claims.  The only cognizable claim in the amended complaint is for retaliation against Defendants J. Ortega, R. Castillo, B. Duran, R. Cardona, M. Valdez, and G. Bickham.

2. The Fourteenth Amendment due process claim against Defendants Castillo and R. Mojica is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint to attempt to state sufficient facts to state a Fourteenth Amendment claim as discussed above.  *See supra* at 5.  The second amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-02035 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must answer

all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the second amended complaint supersedes the original and first amended complaints, and Plaintiff may not make references to the prior complaints.  Claims not included in the second amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

   3. **In the alternative**, Plaintiff may file notice in the same time provided that he wishes to strike the Fourteenth Amendment claim and proceed solely on the retaliation claim found cognizable above.

   4. **Failure to respond in accordance with this order in the time provided will result in this matter proceeding solely on the retaliation claim found cognizable above without further notice to Plaintiff.**

   **IT IS SO ORDERED.**

Dated:  __March 19, 2021_____

                BETH LABSON FREEMAN
                United States District Judge

Order of Partial Dismissal and with Leave to Amend
PRO-SE\BLF\CR.20\02035Herrera_dwlta2