UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA S. HERRERA,<br><br>    Plaintiff,<br><br>v.<br><br>J. ORTEGA, et al.,<br><br>    Defendants. | Case No. 20-02035 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at SVSP as well as an appeals examiner at the Office of Appeals. Dkt. No. 1. The Court dismissed the original complaint with leave to amend for Plaintiff to attempt to allege sufficient facts to state a cognizable First Amendment retaliation claim, and all other claims were dismissed for failure to state a cognizable claim. Dkt. No. 10. Plaintiff filed an amended complaint, Dkt. No. 13, which was also dismissed with leave to amend to correct various deficiencies. Dkt. No. 14. The Court also dismissed several claims for failure to state a claim. *Id.* at 6. Plaintiff filed a second amended complaint. Dkt. No. 15.

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

The second amended complaint contains essentially the same allegations as the amended complaint. Dkt. No. 15. Under the same five "causes of action," Plaintiff challenges a retaliatory search of his cell in connection with his filing an inmate grievance regarding the placement of a confidential memo in his file. *Id.* Plaintiff claims that he was denied due process when the "false" confidential memo was placed in his file without procedural protections, and that Defendants subsequently violated his First Amendment rights when they retaliated against him for refusing to withdraw the grievance and in denying his appeals on the matter. *Id.*

### 1. Claim 1 - First Cause of Action

Under his first cause of action, Plaintiff claims that on June 11, 2019, Defendants J. Ortega, R Castillo, B. Duran, and R. Cardona attempted to intimidate him into withdrawing inmate appeal No. SVSP-19-02852, in which Plaintiff challenged the placement of a "false" confidential memo in his file. Dkt. No. 3-4. When he refused,

2

Defendants proceeded to search his cell in retaliation. *Id.* at 4. Plaintiff claims that there was no legitimate penological reason for the search as it was purely retaliatory, and that he was intimidated enough not pursue his other 602 appeals challenging the false memo. *Id.* at 5.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). As the Court previously found, Plaintiff's allegations that Defendants searched his cell because he refused to withdraw his inmate appeal and that their actions chilled the exercise of his First Amendment rights without reasonably advancing a legitimate correctional goal are sufficient to state a cognizable retaliation claim. *Id.*; Dkt. No. 14 at 3.

Plaintiff's claim that Defendants' actions denied him his "substantive and procedural rights to file a 602 appeal," Dkt. No. 13 at 3, must be dismissed. As Plaintiff was previously advised, there is no constitutional right to a prison administrative appeal or grievance system. Dkt. No. 14 at 3, citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). Furthermore, California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430

3

(prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Accordingly, this portion of the claim must be dismissed for failure to state a claim.

### 2. Claim 2 - Second Cause of Action

Under his second cause of action, Plaintiff claims Defendants' retaliatory search of his cell on June 11, 2019, violated the Fourth Amendment prohibition against unreasonable searches. Dkt. No. 13 at 6. Contrary to Plaintiff's assertion that "the proscription against unreasonable searches does in fact apply to prisoners," Dkt. No. 15 at 6, there is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. *See id.* at 526. Accordingly, this Fourth Amendment claim must be dismissed for failure to state a claim.

### 3. Claims 3 and 4 - Third and Fourth Causes of Action

Plaintiff's third cause of action is against Defendant M. Valdez, who denied Plaintiff's inmate appeal, No. SVSP-19-02852, at the second level of review. Dkt. No. 13 at 7. Plaintiff's fourth cause of action is against Defendant G. Bickham, for denying the appeal at the third level of review. *Id.* at 8. Plaintiff claims Defendants Valdez and Bickham violated his right to file a 602 appeal and right to be free from retaliation under the First Amendment. *Id.* at 7, 8.

In its initial review of Plaintiff's original complaint and screening of the amended complaint, the Court advised him that he cannot state a due process claim based on the denials of his inmate appeals. Dkt. No. 10 at 4; Dkt. No. 14 at 4. As stated above, *see supra* at 3, California regulations set forth no substantive standards and merely provide procedural requirements, and therefore cannot form the basis of a constitutionally

4

cognizable liberty interest.  *See Smith*, 992 F.2d at 989.  Although there certainly is a right to petition the government for redress of grievances, *see Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (a First Amendment right), there is no right to a response or any particular action.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance.").  Based on the identical allegations from the amended complaint which are repeated in the second amended complaint, Plaintiff was clearly not denied his right to have a prison appeal, and his mere disagreement with the disposition of those appeals does not give rise to a constitutional violation.  Accordingly, Plaintiff's claim that Defendants Valdez and Bickham violated his right to file 602 appeals must be dismissed for failure to state a claim.

Plaintiff repeats his claims that Defendant M. Valdez's refusal to grant his appeal at the second level of appeal and Defendant G. Bickham's denial at the third level of appeal constitute retaliation.  Dkt. No. 15 at 7, 8.  As the Court previously found, Plaintiff states a cognizable retaliation claim against Defendants Valdez and Bickham based on his allegation that they denied his appeals despite knowing that there was no evidence to support the placement of the confidential memo in his file, or in other words, their actions did not further a legitimate penological goal.  Dkt. No. 14 at 5.  He may proceed on a retaliation claim against Defendants Valdez and Bickham.

### 4.  Claim 5 - Fifth Cause of Action

Lastly, Plaintiff again repeats his claim that the inclusion of the false confidential memo in his file and Defendants' refusal to remove it violated his right to due process under the Fourteenth Amendment.  Dkt. No. 15 at 9.  Plaintiff claims that the memo, which was written by Defendant Castillo and approved by Defendant Mojica, was placed in his file in December 2018, but that he did not become aware of it until May 2019.  *Id.*  After Plaintiff learned of it, he filed an inmate grievance seeking to have the memo removed, which lead to the retaliatory actions alleged in the preceding claims.  Plaintiff claims that

5

he was denied minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. *Id.* at 10.

In dismissing this claim with leave to amend, the Court explained that Plaintiff failed to provide any allegations with respect to how the inclusion of the false confidential memo negatively impacted the conditions of his confinement, i.e., resulted in the deprivation of a liberty interest of "real substance," and thereby required the prison provide the minimal procedural protections. Dkt. No. 14 at 6, citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *Sandin,* 515 U.S. at 487. Plaintiff was instructed to state sufficient facts to state a due process claim and advised that if he did not suffer any deprivation by the placement of confidential memo in his file, then he cannot state a procedural due process claim. Dkt. No. 14 at 6. If Plaintiff did suffer a deprivation, he must show that the deprivation was one of "real substance." *Id.*, citing *Jones v. Moran*, 900 F. Supp. 1267, 1273-74 (N.D. Cal. 1995) (Wilken, J.) (adopting Justice Breyer's two-prong analysis of *Sandin* majority opinion).

Plaintiff has failed to provide the additional allegations in the second amended complaint to state a due process claim because he has merely repeated the same insufficient allegations from the amended complaint. *Compare* Dkt. No. 13 at 10-11 *with* Dkt. No. 15 at 10-11. Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity where the deficiencies from the previous complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this claim must be dismissed for failure to state a claim.

6

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. Plaintiff's claims under the Fourth Amendment (claim 2), the denial of his right to process 602 appeals (parts of claims 1, 3 and 4), and under the Fourteenth Amendment (claim 5) are **DISMISSED** for failure to state a claim.

This action shall proceed on the only cognizable claim in the second amended complaint for retaliation (parts of claims 1, 3 and 4) against Defendants J. Ortega, R. Castillo, B. Duran, R. Cardona, M. Valdez, and G. Bickham. *See supra* at 3, 5.

Defendant R. Mojica shall be dismissed from this action because there remain no cognizable claims against him. The Clerk shall terminate Defendant Mojica from this action.

2. The following defendants shall be served:

   a. **Lt. J. Ortega, SVSP - Investigative Services Unit (ISU)**
   b. **Correctional Officer R. Castillo, SVSP - ISU**
   c. **Correctional Officer B. Duran, SVSP - ISU**
   d. **Correctional Officer R. Cardona, SVSP - ISU**
   e. **Sgt. M. Valdez, SVSP - ISU**
   f. **G. Bickham, Appeals Examiner – Office of Appeals**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 15 (second amended complaint), a copy of the court's "Order of Partial Dismissal and with Leave to Amend," Dkt. No. 14, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall

provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court

and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: _September 23, 2021____

BETH LABSON FREEMAN
United States District Judge